**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 95-758 T**
**(Judge Nancy B. Firestone)**

---

**NATIONAL WESTMINSTER BANK PLC,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**MOTION FOR A 30-DAY ENLARGEMENT OF TIME TO CONCLUDE FACT DISCOVERY**

---

Pursuant to RCFC 6.1, defendant respectfully moves for a 30-day enlargement of time to complete fact discovery, from January 7, 2005, through and including February 7, 2005. As explained below, plaintiff has advised in response to defendant's written discovery requests that it has located many boxes of additional relevant documents, but it has not produced any documents to defendant and has not identified specific documents that are responsive to defendant's particular inquiries. Reviewing these documents is essential to properly prepare for depositions that defendant seeks to conduct. As these activities cannot be completed within the present discovery deadline, an enlargement is necessary. This is the first such enlargement of time requested. The parties have consulted regarding this motion,

but plaintiff's counsel has not yet advised whether it will file an opposition. In further support of this motion, defendant submits the following:

1. On July 16, 2004, this Court entered an order, directing plaintiff to produce "all documents relevant" to the interest rate issue by July 31, 2004. Plaintiff made microfiche and some paper copies of available account statements available to defendant early in August. At the same time, plaintiff made 27 boxes of other materials available to defendant. Defendant began its review of the documents by traveling to New York with its experts on August 5, 2004. A few weeks later, plaintiff placed an additional 33 boxes of relevant documents in the document room at its attorneys' offices and advised defendant of their existence by letter dated August 25, 2004. Defendant and its experts continued their review of plaintiff's documents.

2. The documents plaintiff made available for inspection were helpful, but left many questions unanswered. As defendant explained in its September 3rd and September 28th submissions in support of conducting discovery to augment the review of documents, the documents plaintiff assembled did not address numerous matters that are essential to the analysis by defendant's experts. By order dated October 5, 2004, the Court directed that fact discovery be concluded by January 7, 2005. The Court's Order also provided for the exchange of initial experts' reports eight weeks later, followed by supplemental expert reports, the pre-trial conference, and the start of trial.

3. In close consultation with its experts, defendant served plaintiff with interrogatories, requests for the production and copying of documents, and requests for admissions. Plaintiff responded to defendant's discovery on November 22, 2004.

4. Plaintiff's response advised that it had "added 18 boxes of additional responsive documents" to the document room in its attorneys' offices. Plaintiff also stated in response to some of defendant's inquiries that it intends to augment its responses "as more information becomes available." Although, earlier in the course of this case, plaintiff produced Bates stamped copies of documents in the course of informal discussions or in response to defendant's requests for production, plaintiff did not produce a single document in response to defendant's most recent discovery. Moreover, plaintiff does not identify the documents that are responsive to particular requests, but instead essentially advises that defendant may review the boxes it has assembled.

5. For example, in response to a document request for information concerning how interest rates were set on "current accounts," plaintiff advises that defendant should "see reports and statements" and also "documents in boxes 93A through 102B, 114C, 1176, 145 through 148, folders 152-1A and 1B, folder 152-10, box 153, 154A, 154B, 155A, and 155B, folders 156-1 through 156-15, and boxes 157 and 158." Likewise, although this Court ruled on August 18, 2004, that it is legitimate for defendant to inquire about the branches' historic purchases of premises and fixed assets, and that plaintiff knows they have to provide existing balance sheets, plaintiff objected to defendant's discovery on this matter. Contrary to the Court's direction, plaintiff claimed that "[p]urchases of fixed assets and premises in prior years are not relevant." Plaintiff also neither produced nor identified available branch balance sheets for earlier years. Plaintiff stated that defendant should "see documents in boxes 112, 113, and 115" and advised that plaintiff has located "additional documents and microfiche records that are responsive to this request. See boxes 151 and 159."

6. Nearly all of defendant's requests for admissions reflected stipulations of fact that ***plaintiff*** previously proposed and statements by ***plaintiff's*** experts. Defendant agreed to those stipulations when they were made, but, as the Court is aware, plaintiff determined that it would not enter in any stipulations unless defendant also agreed to other proposed stipulations. Defendant served these admission requests to avoid time consuming, unnecessary proof at trial. Despite having asserted the matters previously, plaintiff did not admit them in response to defendant's requests.

7. Defendant is not, at this time, asking the Court for relief from what it regards as plaintiff's aggressively insufficient responses to its discovery, not limited to the examples identified above. Defendant will consult with plaintiff first, in an effort to obtain adequate responses to its requests and to implement a reasonable mechanism for the review and copying of new documents. But it is simply the (regrettable) fact now, that although plaintiff acknowledges there are responsive documents, defendant does not yet have any of them to review in time to prepare for, schedule, and conduct depositions by January 7, 2005.

8. A 30-day enlargement of time to conclude fact discovery is essential, and the additional dates specified in the Court's October 5, 2004, Order should be revised accordingly.

Respectfully submitted,

s/ Steven I. Frahm

STEVEN I. FRAHM
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6504 (telephone)
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section

December 6, 2004