**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 95-758T**
**(Judge Nancy B. Firestone)**

**NATIONAL WESTMINSTER BANK PLC,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A 30-DAY ENLARGEMENT OF TIME TO CONCLUDE FACT DISCOVERY**

Pursuant to RCFC 6 and 7.2, plaintiff National Westminster Bank PLC respectfully submits this memorandum of law in opposition to defendant's motion for a 30-day enlargement of time to complete fact discovery. As set forth more fully below, although plaintiff would consent to a brief extension of the deposition calendar to allow the parties adequate time to complete depositions after this holiday season, defendant's request for a wholesale enlargement of the discovery deadlines and trial schedule amounts to nothing more than a transparent effort to delay, yet again, the final disposition of this case. Defendant has no legitimate basis to request an enlargement of the discovery or trial schedule. Indeed, defendant and its experts have had more than ample time to review and analyze all of the relevant documents in plaintiff's possession, custody and

control, and any suggestion that plaintiff has denied defendant access to any documents or materials, or has been less than diligent in its responses to defendant's discovery requests, is plainly and simply wrong.

**ARGUMENT**

The enforcement of scheduling orders is "regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." *Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994) (quoting *Kramer v. Boeing Co.*, 126 F.R.D. 690, 697 (D. Minn. 1989)). Accordingly, a court's scheduling order may not be modified except upon a showing of "cause." *See* RCFC 6(b). Such a showing is required because, "if changes could be secured too easily in scheduling orders they would not provide the discipline and pressure to prepare that is deemed essential to timely case development and effective docket management." 3 *Moore's Federal Practice* § 16.14[1][a] (Matthew Bender 3d ed. 2003) (discussing Fed. R. Civ. P. 16). In order to show good cause, a movant must show at a minimum that it has been diligent in conducting the litigation. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (explaining that under Fed. R. Civ. P. 16 the primary measure of the "good cause" standard is "the moving party's diligence in attempting to meet the case management order's requirements"); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) ("good cause" under Fed. R. Civ. P. 16 requires showing of diligence by movant).

Here, defendant does not and cannot show that there is "cause" for enlarging the discovery schedule. Importantly, any difficulty defendant might have in completing discovery under the current schedule is the result of defendant's *own* failure to review

documents that were readily available in plaintiff's repository. Moreover, defendant's suggestion that plaintiff is somehow responsible for defendant's lack of diligence is unsupported by the record of this case.

In fact, plaintiff has complied fully with the discovery process, and defendant has been the source of any delay. During the October 5, 2004 conference, the Court proposed slightly more than two months of additional discovery, commencing November 1, 2004 and ending January 7, 2005. At defendant's request, the Court revised that schedule to reopen discovery immediately, thus giving the parties three months of additional discovery.[1] Notwithstanding defendant's call to hasten the start of discovery, defendant did not serve any additional discovery until October 20, 2004, two weeks after discovery was reopened. Plaintiff made its first submission of documents and information responsive to that discovery in the following week as part of its October 29, 2004 Report on the Capital Issue, and completed its response on November 22, 2004, within the time prescribed by the Court's rules.

Defendant's principal argument is that an enlargement of the discovery schedule is necessary to allow defendant and its experts time to review some 18 boxes of documents responsive to defendant's recent interrogatories. *See* Def.'s Mot. at 1, 3. This argument, however, is based on the fiction that those 18 boxes of documents have not been produced, and that plaintiff and its experts have somehow been unfairly advantaged by denying defendant access to those documents.

In fact, the documents referenced by defendant were made available to defendant and its experts beginning on November 22, 2004 at the document repository located in

[1] Discovery on the capital issue had closed in early 2002.

the offices of Davis Polk & Wardwell, plaintiff's counsel in this matter. In addition, many other documents responsive to defendant's discovery requests have been available to defendant in the repository since August or were included in plaintiff's October 29, 2004 Report on the Capital Issue. As the Court is aware, the document repository was established in August 2004 to facilitate access by defendant to plaintiff's original books and records (some of which are stored on microfiche or are documents that are decades old, are of non-standard size or are fragile and at risk of damage from unnecessary handling and copying). Defendant attempts to make much of the fact that plaintiff did not actually deliver to defendant copies of the additional 18 boxes responsive to defendant's interrogatories. However, plaintiff made those documents available to defendant in the document repository *and* specifically identified in its November 22, 2004 interrogatory responses which boxes contained documents responsive to a particular interrogatory.

Significantly, the process of making documents available to defendant at the repository was precisely the process envisioned by this Court during the October 5, 2004 conference. *See* 10/5/04 Tr. at 11:20-25 (Court: "If you [Mr. Frahm] want to trace a given year with a series of transactions to see whether or not that's a model year to determine whether things are working, they're going to… *tell you that those documents are in the repository that they've given you, and they expect you to do it.*") (emphasis added).

Since November 22, 2004 – the date on which plaintiff deposited additional documents into the repository in response to defendant's discovery requests – defendant's

counsel has made *no attempt whatsoever* to review those documents.[2] Moreover, defendant's counsel and experts have spent only two days in the repository (and one of its clerks spent only another four days) in the more than four months since the repository was established. Significantly, none of defendant's representatives has visited the repository since August 27, 2004 – an interval of well over three months. Instead, defendant has resorted to yet another attempt to hijack this proceeding by asking this Court for more extensions and delays in a case which has been pending for more than nine years. Plaintiff submits that such a request is impermissible at this time, and that plaintiff should not be forced to wait any longer for its day in court because of defendant's own failure to promptly and diligently review documents to which it plainly had access.

Defendant's argument that an enlargement of the discovery and pre-trial schedule should be granted because plaintiff failed to specify adequately the documents responsive to defendant's interrogatories is equally infirm. As defendant acknowledges in its moving papers, plaintiff directed defendant to specific boxes and folders containing information responsive to defendant's interrogatories. *See, e.g.*, Def.'s Mot. at 3. Indeed, even this Court acknowledged during the October 5, 2004 conference that plaintiff should not be required to "walk [defendant] through" the documents. *See* 10/5/04 Tr. at 11:16 to 12:9. This Court further acknowledged that plaintiff could satisfy its discovery obligations by making documents available in the repository (as plaintiff did here), and

[2] On Friday, December 10, 2004, defendant faxed a letter to plaintiff's counsel suggesting minor modifications to the procedures the parties had previously followed for inspection of documents in the repository. Plaintiff has agreed to accommodate defendant.

that it would be up to defendant to review them.[3] *See id.* at 8:17-24, 11:16 to 12:9. In view of the above, defendant's contention that the discovery schedule must be enlarged because plaintiff did not properly identify documents plainly must fail.

Finally, defendant's suggestion that plaintiff should be faulted for offering to augment its interrogatory responses "as more information becomes available," Def.'s Mot. at 3, barely merits a response.[4] To be sure, plaintiff did commit to provide defendant with more information if it became available because, among other things, to do otherwise would violate plaintiff's discovery obligations under the rules of this Court. However, the notion that such a commitment should be construed to mean that plaintiff has discovered additional responsive documents that it has not shared with defendant, or that plaintiff has failed to search diligently for responsive material, is absurd.

## **CONCLUSION**

For the reasons set forth above, plaintiff respectfully submits that defendant's motion to enlarge the discovery period should be denied.

---

[3] Notwithstanding the Court's indication that plaintiff could discharge its discovery obligations by making documents available to defendant in the repository, plaintiff did prepare and provide defendant with detailed indices of the documents contained in the repository to assist defendant in its review.

[4] The two interrogatories and responses referenced by defendant were requests for current addresses and compensation incentives during the 1980s for certain managers of the U.S. branches who have since retired. Notwithstanding that most of the individuals reside outside of the United States, plaintiff provided supplemental responses to defendant on December 7, 2004 – a mere fifteen days after the original interrogatory responses were due.

Dated: New York, New York
December 14, 2004

s/D. Scott Wise by Mario J. Verdolini, Jr.
D. Scott Wise

Attorney of Record
Davis Polk & Wardwell
450 Lexington Avenue
New York, N.Y. 10017
(212) 450-4000

Of Counsel:

Mario J. Verdolini, Jr.
Leslie J. Altus
Davis Polk & Wardwell
450 Lexington Avenue
New York, N.Y. 10017
(212) 450-4000

John L. Carr, Jr.
Michael C. Moetell
Thomas M. Buchanan
Winston & Strawn LLP
1400 L Street, N.W.
Washington, D.C. 20005