**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 95-758 T**

**(Judge Nancy B. Firestone)**

**NATIONAL WESTMINSTER BANK, PLC,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES**

---

JAN 7 2005

Pursuant to Rules 26 and 33 of the Rules of the Court of Federal Claims, defendant, the United States, hereby responds to plaintiff's fourth set of interrogatories as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant objects to plaintiff's definitions, as follows:

1. Objects to the definition of "U.S. branches" to the extent it refers to "licensed" branches and agencies, as plaintiff has not produced documentation regarding such licenses.

2. Objects to plaintiff's new reference to "the San Francisco agency," as the Court previously has ruled, in accordance with the parties' filings, that there were six U.S. branches, including the San Francisco branch, not a San Francisco agency.

3. Objects to plaintiff's definition that omits the term "branch" from its references to the International Banking Facility, in an effort, confirmed elsewhere in plaintiff's discovery requests, to newly characterize the IBF Branch as part of the New York branch, and not as itself a branch.

4. Objects to plaintiff's instructions regarding responses to these interrogatories, to the extent that they vary from or purport to add to the obligations specified in the Rules of the United States Court of Federal Claims.

INTERROGATORY 4.01. Does defendant contend that any interest expense paid or incurred by the U.S. branches to other branches of NatWest PLC, including the Head Office, during the years at issue did not reflect arm's length interest rates? If so, identify any such amounts and describe in detail the basis for any such contention (including branch, year, account number and document (with line reference)). Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

Plaintiff's interrogatory seek the conclusions and reasoning of defendant's experts with respect to the arm's length interest issue. As plaintiff is aware, defendant presently is engaged in document review and discovery to obtain the information needed to conduct a thorough, objective analysis of that issue. When discovery is completed, defendant's experts will evaluate the information obtained and reach conclusions. Defendant's experts will fully discuss their analysis and conclusions in their experts' report.

The Court's October 5, 2004, Order provides that the parties shall exchange initial expert

reports by Friday, March 4, 2005, and supplemental expert reports by Monday, May 2, 2005.[1] The Court's Order also provides for a Pre-Trial Conference, which, under the Court's Rules, sets the due dates for the parties' Memorandum of Contentions of Fact and Law. RCFC Appendix A, ¶ 14. Thus, the Court already has provided a procedure under which both parties will be fully advised of their respective contentions prior to trial.

Plaintiff's request is unnecessary, oppressive, unduly burdensome, and an abuse of the discovery process. Plaintiff is aware that defendant's experts cannot possibly have reached conclusions while they are in the process of collecting information in the course of discovery. This interrogatory, and those following, appear calculated to consume defendant's time during the short period available for discovery and to frustrate defendant's efforts to make productive use of the discovery period.[2] Moreover, since plaintiff's experts' reports will not be provided to defendant for some months, plaintiff's request seeks to accelerate, as to defendant alone, the due date for its experts' conclusions. Plaintiff would thereby obtain information regarding defendant's experts work before its own experts would disclose their work, and such information could be used to tailor the matters addressed by plaintiff's experts. Plaintiff, not defendant, bears

[1] Defendant's motion for a 30-day enlargement of the discovery period, and a concomitant adjustment of the other pretrial dates, including exchanges of experts' reports, is pending.

[2] The same is true for plaintiff's 125 requests for admission served simultaneously with its interrogatories. The requests for admission principally address (1) tax computations that plaintiff previously agreed need not be addressed until after trial (and which are exceedingly likely to be the subject of agreement by the parties, without need for Court intervention), (2) stipulations that plaintiff previously proposed and to which defendant did not agree, for reasons that were made clear to plaintiff at the time, and (3) defendant's experts' conclusions with respect to plaintiff's October 29, 2004, report discussing plaintiff's 1990 memorandum and plaintiff's present contentions regarding interest on certain accounts.

the burden of proof in this case; plaintiff has not yet disclosed its contentions regarding the basis for a conclusion that the U.S. branches' interest income and interest expense reflects arm's length dealing.

Plaintiff engaged in this tactic previously, when it served its Second Set of Interrogatories, seeking details regarding the analysis and conclusions of defendant's experts on other issues, which plaintiff knew had not been completed and which already were covered by a Court Order providing for the reciprocal exchanges of experts' reports. Plaintiff filed a Motion to Compel in that instance, which the Court denied by Order dated September 25, 2001.

Defendant therefore objects to this interrogatory. Subject to its objections, defendant states that its experts' report will fully set forth its position in response to this interrogatory and will be provided to plaintiff in accordance with its Order.

INTERROGATORY 4.02. Does defendant contend that any interest expense paid or incurred by the U.S. branches to other group companies during the years at issue did not reflect arm's length interest rates? If so, identify any such amounts and describe in detail the basis for any such contention (including branch, year, account number and document (with line reference)). Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Response to Interrogatory 4.01.

INTERROGATORY 4.03. Does defendant contend that any interest income accrued or received by the U.S. branches from other branches of NatWest PLC, including the Head Office, during the years at issue did not reflect arm's length interest rates? If so, identify any such amounts and describe in detail the basis for any such contention (including branch, year, account number and document (with line reference)). Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Response to Interrogatory 4.01.

INTERROGATORY 4.04. Does defendant contend that any interest income accrued or received by the U.S. branches from other group companies during the years at issue did not reflect arm's length interest rates? If so, identify any such amounts and describe in detail the basis for any such contention (including branch, year, account number and document (with line reference)). Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Response to Interrogatory 4.01.

INTERROGATORY 4.05. Excluding the capital loan charge amounts that plaintiff conceded in its June 5, 2001, revised claim, does defendant contend that plaintiff's United States federal income tax returns for the years at issue reflect deductions for payments made by the U.S. branches in respect of amounts designated on the books of the U.S. branches as capital? If so, identify all such amounts, and describe in detail the basis for any such contention. Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

No amounts were designated on the books of the U.S. branches as capital. The contemporaneous balance sheets of each of the six branches contain line items that are designated as either assets or liabilities.

INTERROGATORY 4.06. Excluding the capital loan charge amounts that plaintiff conceded in its June 5, 2001, revised claim, does defendant contend that plaintiff's United States federal income tax returns for the years at issue reflect deductions for payments made by the U.S. branches in respect of amounts in fact allotted to the U.S. branches as capital for capital purposes? If so, identify all such amounts, and describe in detail the basis for any such contention. Identify all documents that form a bsis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

As is true of the earlier interrogatories addressing arm's length interest issue, this interrogatory seek the conclusions and reasoning of defendant's experts with respect to the capital issue. Defendant therefore asserts the same objections as expressed in response to Interrogatory 4.01. Subject to those objections, defendant states that its experts' report will fully set forth its position in response to this interrogatory and will be provided to plaintiff in accordance with its Order.

INTERROGATORY 4.07. Does defendant dispute any of the statements set forth in plaintiff's Report on the Capital Issue dated October 29, 2004, including any of the statements set forth in Exhibit C thereto? If so identify each statement defendant disputes, and describe in detail the basis for defendant's position. Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

Defendant objects to this interrogatory on the grounds that it is unduly burdensome, oppressive, vague, and ambiguous to request defendant's position with respect to "any of the statements" set forth in lengthy documents, containing numerous exhibits, subexhibits, and accounting calculations and schedules. See also defendant's Response to Interrogatory 4.06 and Responses to Requests for Admission 2.69 through 2.106.

INTERROGATORY 4.08. Describe defendant's contentions, both verbally and numerically, with respect to the effect of the U.S. branches' purchases of Fixed Assets during the years at issue on the computation of plaintiff's taxable income for the years at issue in accordance with the Court's November 14, 2003 opinion in this case. Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Response to Interrogatory 4.06 and Response to Request for Admission 2.44. See also Defendant's Motion to Clarify Scope of Inquiries Re Capital Issue, filed July 26, 2004.

INTERROGATORY 4.09. Describe defendant's contentions, both verbally and numerically, with respect to the effect of the U.S. branches' purchases of Fixed Assets during any years prior to the years at issue on the computation of plaintiff's taxable income for the years at issue in accordance with the Court's November 14, 2003 opinion in this case. Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Response to Interrogatory 4.09.

INTERROGATORY 4.10. Does defendant contend that any adjustments should be made to the taxable income of the U.S. branches as set forth in the RARs, that differ from those described in plaintiff's Request for Admission 2.119? If so, identify any such adjustments and describe in detail the basis for any such adjustments. Identify all documents that form a basis for defendant's response, and identify all persons with knowledge that forms a basis for defendant's response.

RESPONSE:

See defendant's Responses to Requests for Admission 2.44 and 2.119.

INTERROGATORY 4.11. Identify each person who participated in the preparation of defendant's response to these interrogatories and each person who was consulted in formulating any of the responses to these interrogatories.

RESPONSE:

Defendant's counsel.

INTERROGATORY 4.12. If any of the requests set forth in plaintiff's Second Request for Admissions, submitted herewith, are denied or responded to in any manner other than an unqualified admission, describe fully with respect to each such request the reasons defendant did not respond with an unqualified admission and identify any documents that support defendant's failure to provide an unqualified admission.

RESPONSE:

See defendant's responses to plaintiff's Second Request for Admissions.

Respectfully submitted,

STEVEN I. FRAHM
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6504

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section

Of Counsel

January 7, 2005

CERTIFICATE OF SERVICE

I certify that service of this Response to Plaintiff's Fourth Set of Interrogatories has been made on opposing counsel this 7th day of January 2005 by mailing a copy thereof, in a postage paid envelope, to the following address:

D. Scott Wise
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Katie M. Stevens

U.S. Department of Justice (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20004
(202) 307-6440