# UNITED STATES
# COURT OF FEDERAL CLAIMS

FILED
APR - 8 2005
U.S. COURT OF
FEDERAL CLAIMS

NATIONAL WESTMINSTER BANK, PLC, )
Plaintiff, )
v. ) Docket No.: 95-758T
UNITED STATES, )
Defendant. )

Pages: 1 through 57

Place: Washington, D.C.

Date: March 9, 2005

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005-4018
(202) 628-4888
hrc@concentric.net

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NATIONAL WESTMINSTER BANK, PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 95-758T |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Room 613
National Courts Building
717 Madison Place N.W.
Washington, D.C.

Wednesday,
March 9, 2005

The parties met, pursuant to notice of the Court, at 2:09 p.m.

BEFORE: HONORABLE NANCY B. FIRESTONE
Judge

APPEARANCES: (Telephonically)

For the Plaintiff:

D. SCOTT WISE
MARIO VERDOLINI, Esquire
Davis Polk & Wardwell
450 Lexington Avenue, Suite 2212
New York, New York 10017
(202) 450-4969

MITCH MOTEL
Washington, DC

APPEARANCES: (Continued)

For the Defendant:

STEVEN FRAHM, Esquire
REBECCA HAAS
United States Department of Justice
Tax Division, Claims Court Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044-0026
(202) 307-6504

(Pages Omitted)

THE COURT: Well, Mr. Frahm, let me tell you what I'm getting little concerned about. I have obviously understood for many, many months now that the government does not agree with my legal determination and that's perfectly fine.

MR. FRAHM: Sure. I understand.

THE COURT: It doesn't have to. But the problem of it is that at some point the question is going to be based upon my legal ruling are there facts in dispute that warrant us to have a trial.

I have to tell you, I got obviously the Plaintiff's motion, I got your response, and I appreciated the fact that in several of your responses you indicated your experts were looking at things. But as I saw your response as to what was giving you heartburn, I saw three issues: (1) the government still seems to be very concerned about doing things in aggregate form and wants to preserve this notion that there are six branches, six branch offices, six entities, whatever, each separate and distinct for which there needs to be this calculation. And what I have a hard time understanding is ultimately why things can't be done in the aggregate.

I don't disagree that you may individually have to say this is New York and this is San Francisco

and this is Chicago and this is the Cayman Islands, but ultimately for my purposes, there is really basically arithmetic to be done at the end of the day to add those calculations together. And so I saw in the expert report that Nat West has filed that there is in that expert report a disaggregation of various interest expenses and so forth.

I understand that one may want to understand how you put this together, but I don't appreciate the fact that there is some religious issue that seems to be at the core of your objection. That seems to be one major thing you seem to be very upset about and that somehow or other there is a trick going on that I need to fully appreciate.

MR. FRAHM: That's right, Your Honor. And that's part of what would be presented at trial.

THE COURT: But wait a second.

MR. FRAHM: And in our briefs.

THE COURT: Mr. Frahm, the problem is this. Ultimately, I'm trying to figure out -- what then seemed to bother me was when I read your expert, Colby's report, and what struck me is the question you were asking him to do, in other words, he sort of indicated, as I read his paper, oh, I can't apply the manual, the inland manual criteria to this books and

records because (a) that is to be done sort of through a negotiation, but (b) ultimately the task has to be finding a reasonable capital level for each of these individual branch banks and this will never yield that.

MR. FRAHM: Right.

THE COURT: And that (b) part of the question, Mr. Frahm, is not in this lawsuit now. That's what's kind of throwing me as to what's going on here. He may think that his task is to determine a reasonable capital level. I have determined and we've had -- I know you don't agree, but we've had this conversation now many times -- the reasonable capital level is indeed the capital level reflected on their books and records subject to whatever suggested changes are needed to the extent that capital was not being reflected on the books and records and there's a discussion of this and obviously the Plaintiff's report as to retained earnings that it may have been sort of expatriated back and with regard to capital loans. The technical discussion which I'm gleaning from his report saying everything was all cleaned up and in fact the books and records accurately reflect the accounts, although they may be named somewhat differently, but they were in fact capital accounts

that were appropriately characterized as such.

That's the task here.

I appreciate the fact that -- I've decided that there isn't an arbitrary number to be picked based upon peer institutions, that there isn't going to be an allocation based upon whatever capital was being held by Nat West in the U.K. to cover the offices in the United States. And so the task really is whether or not these books and records are accurately reflecting the accounts of these various office transactions, in particular, the inland manual identified situations in which infusions from the home office should be more properly deemed capital infusions and similarly payment out should be considered sort of retained earnings or something of the sort as opposed to sort of loans or however they may have been characterized.

So when Mr. Wise is talking about summary judgment, my sense of it is you may not have any factual dispute with regard to how they're doing any of these calculations. Your fundamental dispute is that I am wrong in not finding some sort of capital level that the government thinks is somehow an acceptable capital level over and above what the actual books and records reflect. That seems to be

what the fight here is on the capital issue.

MR. FRAHM: Your Honor, I accept for purposes of this trial fully that we should be implementing your decision. I'm not trying to tilt against that. The argument of that has passed. I agree with you completely that your test is the applicable test for purposes of trial. You're right. We disagree and I think it's probably no secret that we're likely headed for an appeal, but for purposes of this proceeding, I'm not trying to get you to reevaluate your November 2003 opinion. I'm trying to implement it and the reference to reasonableness refers to the language that is contained in the inland revenue banking manual and the inland revenue banking manual is what you have directed that we implement.

Fundamentally, we disagree with Plaintiff as to the way the inland revenue banking manual should be implemented, not as to how your opinion should be implemented. It's clear, and everyone would acknowledge, that the inland revenue banking manual is the directive that you expressed in your November 2003 opinion.

THE COURT: Right. But your expert has said you can't implement that.

MR. FRAHM: We can't implement that because

(Pages Omitted)

REPORTER'S CERTIFICATE

DOCKET NO.: 95-758 T

CASE TITLE: National Westminster Bank PLC, Plaintiff v United States, Defendant

HEARING DATE: 3-9-05

LOCATION: U.S. Federal Claims

I hereby certify that the proceedings and evidence are contained fully and accurately on the tapes and notes reported by me at the hearing in the above case before the U.S. Court of Federal Claims

Date: 3-9-05

Edwin M. Wesley

Official Reporter
Heritage Reporting Corporation
Suite 600
1220 L Street, N.W.
Washington, D.C. 20005-4018