**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**No. 95-758 T**
**(Judge Firestone)**

**NATIONAL WESTMINSTER BANK, PLC,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**JOINT SUBMISSION**
**REGARDING THE CLEARING ACCOUNT INTEREST**
**INCOME ISSUE AND OVERPAYMENT COMPUTATION**

---

Plaintiff and defendant submit this stipulation to advise the Court of their resolution of the clearing account interest income issue and computation of the amount of plaintiff's overpayments of taxes and interest as a result of this Court's rulings.[1]

## I. CLEARING ACCOUNT INTEREST INCOME

In its ruling of December 16, 2005, this Court denied, in part, plaintiff's motion for summary judgment because it found there were disputed issues of fact concerning whether plaintiff's U.S. branches charged and paid arm's-length interest on certain clearing accounts of affiliates. After its ruling, the Court allowed additional, limited discovery concerning plaintiff's

[1] The parties orally advised the Court of the resolution of the clearing account issue during the status hearing held on April 19, 2006.

clearing accounts, and, as a result, defendant's expert reduced the proposed adjustment from $10,553,557 to $278,000. For purposes of entering judgment and without admitting the merits of this revised adjustment, plaintiff has accepted the adjustment, prorated over the seven years at issue. This resolves the only issue on which this Court did not grant summary judgment.

## II. COMPUTATION OF PLAINTIFF'S OVERPAYMENTS

Partial summary judgments were granted in plaintiff's favor in opinions and orders dated July 27, 1999, November 14, 2003, and December 16, 2005. Defendant opposed the motions for summary judgment, and is reserving its right to appeal the Court's rulings. In light of the Court's rulings, the parties have agreed to a computation of the overpayments of income taxes and interest that plaintiff made in 1995 for the taxable years 1981 through 1987. These calculations take into account the adjustments to which the parties have agreed as well as the Court's summary judgment rulings in this case. Plaintiff's overpayments (including deficiency interest paid) are as follows:

| Year | Tax | Interest | Total Overpayment |
|---|---|---|---|
| 1981 | $12,071,455 | $28,419,289 | $40,490,744 |
| 1982 | 6,906,957 | 12,871,412 | 19,778,369 |
| 1983 | 6,036,107 | 11,288,943 | 17,325,050 |
| 1984 | 9,787,753 | 14,734,667 | 24,522,420 |
| 1985 | 6,466,530 | 7,663,923 | 14,130,453 |
| 1986 | 8,474,752 | 9,932,684 | 18,407,436 |
| 1987 | 15,979,499 | 15,613,281 | 31,592,780 |
| | | Total | $166,247,252 |

These overpayments will be refunded to plaintiff with interest as allowed by law.

A proposed final judgment setting forth these refunds is attached as Exhibit A.

Dated: October 6, 2006

Respectfully submitted,

*s/ Cory A. Johnson*

CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*

Of Counsel

Attorneys for Defendant

*s/ D. Scott Wise*

D. SCOTT WISE
Attorney of Record
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
212-450-4000

Attorney for Plaintiff

# EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 95-758 T**
**(Judge Firestone)**

**NATIONAL WESTMINSTER BANK, PLC,**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

**(PROPOSED) FINAL JUDGMENT**

This Court granted partial summary judgments in favor of plaintiff in opinions and orders dated July 27, 1999, November 14, 2003, and December 16, 2005. The parties having now agreed to an adjustment to plaintiff's income to resolve the issue on which this Court did not grant summary judgment (*i.e.*, the interest income of plaintiff's U.S. branches from certain clearing accounts), and the parties having submitted to the Court an agreed computation of plaintiff's overpayments of taxes and interest based on the Court's summary judgment rulings, this Court now enters final judgment.[1]

[1] The parties' agreement on the computation of tax and overpayments is without prejudice to defendant's right to appeal this Court's rulings or to the parties' rights to propose different computations to reflect the resolution of the Court's rulings on appeal.

The Court hereby determines that plaintiff has overpaid tax and deficiency interest in the following amounts. Accordingly, subject to 26 U.S.C. § 6402, the amounts to be refunded to plaintiff with interest as provided by law are as follows:

| Year | Tax | Interest | Total Overpayment |
|---|---|---|---|
| 1981 | $12,071,455 | $28,419,289 | $40,490,744 |
| 1982 | 6,906,957 | 12,871,412 | 19,778,369 |
| 1983 | 6,036,107 | 11,288,943 | 17,325,050 |
| 1984 | 9,787,753 | 14,734,667 | 24,522,420 |
| 1985 | 6,466,530 | 7,663,923 | 14,130,453 |
| 1986 | 8,474,752 | 9,932,684 | 18,407,436 |
| 1987 | 15,979,499 | 15,613,281 | 31,592,780 |
| | | Total | $166,247,252 |

**IT IS SO ORDERED**

______________________________
Nancy B. Firestone
Judge

Dated: ________________________